[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12790

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FACUNDO SEBASTIAN DIAZ,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cr-60026-RS-1

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Facundo Sebastian Diaz appeals his sentence of 151 months' imprisonment for attempting to persuade a minor to engage in illicit sexual activity.  He argues that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 4B1.5(b)(1) for engaging in a pattern of activity involving prohibited sexual conduct after he objected to the factual basis for the enhancement and the government did not respond with any evidence.  Because the government did not present any evidence to support the § 4B1.5(b)(1) enhancement, we agree with Mr. Diaz and remand for resentencing without the enhancement.

I

Once a defendant objects to a fact contained in the PSI used to enhance his sentence, the government bears the burden of proving that fact by a preponderance of the evidence.  *See United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009).  The preponderance standard is not toothless, and the court must ensure that the government carries its burden by presenting reliable and specific evidence.  *See id.*  "[A]bsent a stipulation or agreement between the parties, an attorney's factual assertions at a sentencing hearing do not constitute evidence that a district court can rely on."  *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013).

## II

The presentence investigation report prepared by the probation office recommended a five-level enhancement under U.S.S.G. § 4B1.5(b)(1) because Mr. Diaz had engaged in a pattern of activity involving prohibited sexual conduct. The report stated that when Mr. Diaz had previously been arrested in 2018 for possession of codeine and cannabis, he was found in the back seat of a car with a 16-year-old girl. Mr. Diaz, according to the report, told the police that the two were "looking for a place to get intimate." And the minor told the police that she had met Mr. Diaz on a teen dating application and that they had engaged in sexual activity on three occasions. The 2018 case against Mr. Diaz, however, was never pursued. According to the report, the minor's parents did not wish to press charges. *See* Presentence Investigation Report at ¶ 40.

Before the sentencing hearing, Mr. Diaz filed written objections to the presentence investigation report. He argued that, for legal reasons, the § 4B1.5(b)(1) enhancement did not apply to the conduct alleged in ¶ 40 of the report. *See* D.E. 44 at 2-4. As relevant here, he also objected to the "factual assertions contained in" ¶ 40 of the report. *See id.* at 5.

When the government responded to Mr. Diaz's objections, it addressed his legal arguments against the application of § 4B1.5(b)(1). But it did not say anything about his factual objection to ¶ 40 of the presentence investigation report. *See* D.E. 47 at 2-5.

At the sentencing hearing, Mr. Diaz again expressly objected to the facts alleged in ¶ 40 of the presentence investigation report, i.e., the facts used to support the five-level enhancement under § 4B1.5(b)(1). *See* D.E. 59 at 4. When the government responded to this (and several other) objections at the hearing, it told the district court that it was going to rely on its written submission. *See id.* at 6. Significantly, the government did not present any evidence at the hearing to support the § 4B1.5(b)(1) enhancement.

The district court noted Mr. Diaz's objections. Although it did not make an express ruling on the objections, the court implicitly overruled them because it adopted the advisory guideline range set out in the presentence investigation report, and imposed a sentence of 151 months at the bottom of that range. *See id.* at 6, 12.

### III

The government concedes procedural error as to the application of the five-level § 4B1.5(b)(1) enhancement and says that we should vacate Mr.Diaz's sentence. *See* Govt.'s Br. at 7-8. We agree with that concession, but for a different reason than the government.

The problem is not just that the district court failed to make any factual findings about Mr. Diaz's alleged conduct in 2018; it is, more fundamentally, that the government did not present any evidence to support what was set out in ¶ 40 of the presentence investigation report. Mr. Diaz objected to the factual basis for the enhancement, both in his written objections to the presentence

21-12790                Opinion of the Court                5

investigation report and orally at the sentencing hearing. The government, which had the burden of producing evidence to establish the facts alleged in ¶ 40 of the report, *see Martinez,* 584 F.3d at 1287, did not present any witnesses or documents. As a result, there was no factual basis whatsoever for the enhancement. We therefore vacate Mr. Diaz's sentence and remand for resentencing without the enhancement.

The government requests that it be given an opportunity on remand to present evidence to support the § 4B1.5(b)(1) enhancement. As we did in *Washington*, 714 F.3d at 1361, we deny the government's request. "Nothing prevented the government—which was aware of [Mr. Diaz's] objection—from putting on evidence concerning [Mr. Diaz's alleged conduct in 2018], and a party who bears the burden on a contested sentencing issue will generally not get to try again on remand if its evidence is found insufficient on appeal." *Id.* at 1362. Although we have the discretion to allow the introduction of evidence on remand, that course is not warranted here. Mr. Diaz's factual objection was clear and unequivocal, and the government nevertheless failed to "present any evidence" about Mr. Diaz's alleged conduct in 2018. *See id.*

One further matter warrants discussion. We may *sua sponte* note clerical errors in the judgment, *see United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006), and we do so here. Mr. Diaz was indicted for attempting to induce a minor to engage in illicit sexual activity in violation of 18 U.S.C. § 2422(b). The judgment, however, references § 2422(B) rather than § 2422(b) and does not

indicate that Mr. Diaz was charged with an attempt. Thus, when Mr. Diaz is resentenced, the district court should ensure that the judgment correctly sets out the offense of conviction.

## IV

We vacate Mr. Diaz's sentence and remand for resentencing without application of the five-level § 4B1.5(b)(1) enhancement.

**VACATED AND REMANDED.**